IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KRISTINE LEE, : Plaintiff : v. : CIVIL NO. 3:13-CV-00129 : CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, : (Judge Brann) Defendant :

**MEMORANDUM**

**Background**

The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Kristine Lee's claim for social security disability Insurance benefits.

Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured." It is undisputed that Lee met the insured status requirements of the Social Security Act through December 31, 2007.

Tr. 12, 33 and 35.[1] In order to establish entitlement to disability insurance benefits Lee was required to establish that she suffered from a disability[1] on or before that date. 42 U.S.C. §423(a)(1)(A), (c)(1)(B); 20 C.F.R. §404.131(a)(2008); see Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990).

Under 42 U.S.C. § 405(g) and relevant case law, the court is limited to reviewing the administrative record to determine whether the decision of the Commissioner is supported by substantial evidence. Counsel for the parties are familiar with the five-step sequential evaluation process[2] that the Commissioner

---

[1]References to "Tr._" are to pages of the administrative record filed by the Defendant as part of the Answer on March 21, 2013.

[1]A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A).

[2]The Commissioner utilizes a five-step process in evaluating disability insurance benefits claims. See 20 C.F.R. § 404.1520; Poulos v. Commissioner of Social Security, 474 F.3d 88, 91-92 (3d Cir. 2007). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity, (2) has an impairment that is severe or a combination of impairments that is severe, (3) has an impairment or combination of impairments that meets or equals the requirements of a listed impairment, (4) has the residual functional capacity to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy. Id. At step five of the sequential evaluation process, the burden of production temporarily shifts to the Commissioner to produce vocational evidence demonstrating that there are a significant number of jobs in the national economy that the claimant, given his or her residual functional capacity, can perform. Once the Commissioner satisfies this limited burden of production, the burden shifts back to the claimant to prove that the Commissioner cannot rely on the

utilizes and the substantial evidence standard of review.[3]

Lee protectively filed[4] her application for disability insurance benefits on August 2, 2010, almost nine years after her alleged disability onset date and three years after her date last insured. Tr. 28, 33, and 64-65. Lee's application was

---

vocational evidence.

[3]Substantial evidence "does not mean a large or considerable amount of evidence, but 'rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)); Johnson v. Commissioner of Social Security, 529 F.3d 198, 200 (3d Cir. 2008); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance. Brown, 845 F.2d at 1213. In an adequately developed factual record substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).

Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter, 642 F.2d at 706, and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. Mason, 994 F.2d at 1064. The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. Johnson, 529 F.3d at 203; Cotter, 642 F.2d at 706-707. Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).

[4]Protective filing is a term for the first time an individual contacts the Social Security Administration to file a claim for benefits. A protective filing date allows an individual to have an earlier application date than the date the application is actually signed.

initially denied by the Bureau of Disability Determination[5] on October 5, 2010. Tr. 33 and 48-51. On October 19, 2010, Lee requested a hearing before an administrative law judge. Tr. 33 and 53-54. After about 11 months had passed, a hearing was held on September 13, 2011. Tr. 9-27. Lee was represented by counsel at the hearing. Id. At the conclusion of the hearing, the administrative law judge left the record open for two week to give Lee's counsel an opportunity to submit further medical documentation. Tr. 26. No additional medical evidence was submitted. Tr. 33. On November 2, 2011, the administrative law judge issued a decision denying Lee's application. Tr. 33-37. The administrative law judge found at step two of the sequential evaluation process that Lee did not suffer from a severe medically determinable impairment and, consequently, she was not disabled.

On December 1, 2011, Lee filed a request for review with the Appeals Council and after about 182months had elapsed the Appeals Council on November 30, 2012, concluded that there was no basis upon which to grant Lee's request for review. Tr. 1-7. Thus, the administrative law judge's decision stood as the final decision of the Commissioner. Lee then filed a complaint in this court on January 18,

[5]The Bureau of Disability Determination is an agency of the state which initially evaluates applications for disability insurance benefits on behalf of the Social Security Administration. Tr. 48.

2013. Supporting and opposing briefs were submitted and the appeal[6] became ripe for disposition on June 24, 2013, when Lee elected not to file a reply brief.

Lee claims that she became disabled on December 31, 2001, because of rheumatoid arthritis with associated pain and swelling. Tr. 29, 43, 48. Lee, who is presently 54 years of age, withdrew from high school after completing the 10th grade and is able to read, write, speak and understand the English language. Tr. 24 and 88. Her past relevant work was as a laborer in the cosmetics industry. Tr. 24. A vocational expert reported that she held three different positions in that industry ranging from semi-skilled light work to unskilled, medium work. Id.

Lee in a document filed with the Social Security Administration reported that she stopped working on July 15, 2001, because of her condition. Tr. 89. At the administrative hearing Lee testified that she had "nodules" removed from her feet in 2001 and then she went back to work for a period of time. Tr. 15-16.

The records of the Social Security Administration reveal that Lee had earnings in the years 1975 and 1978 through 2002. Tr. 77. Lee's annual earnings range from a low of $397.99 in 1985 to a high of $14,486.26 in 1999. Id. The sum of Lee's earnings during those 26 years is $245,308.04. Id.

---

[6]Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D.Pa. Local Rule 83.40.1.

For the reason set forth below we will affirm the decision of the Commissioner.

**Discussion**

The administrative record in this case is 175 pages in length, primarily consisting of medical and vocational records. Lee argues that the ALJ erred by finding at step two of the sequential evaluation process that she did not suffer from a severe medically determinable impairment. We have thoroughly reviewed the medical records and find no merit in Lee's argument.

The determination of whether a claimant has any severe impairments, at step two of the sequential evaluation process, is a threshold test. 20 C.F.R. § 404.1520©. If a claimant has no impairment or combination of impairments which significantly limits the claimant's physical or mental abilities to perform basic work activities, the claimant is "not disabled" and the evaluation process ends at step two. Id. If a claimant has any severe impairments, the evaluation process continues. 20 C.F.R. § 404.1520(d)-(g). An impairment significantly limits a claimant's physical or mental abilities when its effect on the claimant to perform basic work activities is more than slight or minimal. Basic work activities include the ability to walk, stand, sit, lift, carry, push, pull, reach, climb, crawl, and handle. 20 C.F.R. § 404.1545(b). An individual's basic mental or non-exertional abilities include the ability to

understand, carry out and remember simple instructions, and respond appropriately to supervision, coworkers and work pressures. 20 C.F.R. § 1545(c).

The burden is on an applicant for social security disability insurance benefits to establish that he or she suffered from a severe medically determinable impairment which has lasted for a continuous 12-month period and that the impairment existed on or prior to the date last insured. 42 U.S.C. § 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. § 1520(a)(4)(ii); Matullo, 926 F.2d at 244. The worsening of a condition after the expiration of a claimant's disability insured status cannot be the basis for an award of social security benefits. Id.

The Social Security regulations require that an applicant for disability insurance benefits come forward with medical evidence "showing that [the applicant] has an impairment(s) and how severe it is during the time [the applicant] say[s] [he or she is] disabled" and "showing how [the] impairment(s) affects [the applicant's] functioning during the time [the applicant] say[s] [he or she is] disabled." 20 C.F.R. § 404.1512(c).

No treating or examining physician provided a statement that prior to the date last insured Lee suffered from such an impairment. The ALJ in his decision correctly stated as follow:

> The only medical evidence predating the claimant's date last insured of December 31, 2007 is exhibit 1F. Specifically, it indicates the

> claimant underwent excision of rheumatoid nodules on her feet on September 24, 2001. Besides a description of the excision, the exhibit contains no details proving the existence of a severe impairment lasting twelve months or more.

Tr. 36. Exhibit 1F which is located at pages 115-117 of the administrative record is the report of the operation and a surgical pathology report relating to the nodules that were removed from Lee's feet. There is no further medical evidence in the record relating to the relevant time period at issue in this case, i.e., December 31, 2001, through December 31, 2007. Also, the first medical record that we encounter after the date last insured is a report of an MRI of Lee's right hip performed on May 29, 2008, which only revealed "mild to moderate bilateral hip osteoarthritis, no fracture, joint effusion or bone destruction" and "no labral tear." Tr. 123. Also, on July 17, 2008, Lee visited the emergency department at the Pocono Medical Center complaining of an allergic reaction. Tr. 124. During that visit it was observed that Lee was "ambulatory with [a] steady gait[.]" Id.

Our review of the administrative record reveals that the decision of the Commissioner is supported by substantial evidence. We will, therefore, pursuant to 42 U.S.C. § 405(g) affirm the decision of the Commissioner.

An appropriate order will be entered.

s/MATTHEW W. BRANN
Matthew W. Brann
United States District Judge

Dated: March 18, 2014